IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

James Jay Mueller,

           Debtor.

(Chapter 7)

Case No. 10-18728

Chase Bank USA, N.A.

           Plaintiff,

v.

James Jay Mueller,
           Defendant.

Adv. No. 11-00089

MEMORANDUM DECISION

    Chase Bank USA, NA ("Chase") commenced this adversary action to determine the nondischargeability of its claim under 11 U.S.C. § 523(a)(14). The parties agreed to submit the dispute for the court's decision on the following agreed facts.

    On April 15, 2010, the defendant incurred a charge for $2,000 on his Chase credit card to the U.S. Treasury for a deposit to be applied towards any income taxes later determined to be owed. On October 15, 2010, it was determined that the debtor did not owe any taxes in excess of the earlier deposits and earned credits. Accordingly the Internal Revenue Service (IRS) refunded $2,327 to the defendant. The balance on the defendant's Chase credit card remained unpaid. On

1

November 30, 2010, the defendant filed for bankruptcy relief under chapter 7, seeking to discharge the entire balance owed to Chase.

I need only determine whether, on the basis of the agreed facts, the defendant's debt owed to Chase is nondischargeable under § 523(a)(14). Pursuant to § 523(a)(14), "[a] discharge under section 727...does not discharge an individual debtor from any debt—incurred to pay a tax to the United States that would be nondischargeable pursuant to paragraph (1)." 11 U.S.C. § 523(a)(14). Paragraph (1) of § 523(a) provides in relevant part that a debtor may not discharge a debt:

> (1) for a tax or a customs duty—
>
>> (A) of the kind and for the periods specified in section 507(a)(3) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed. *See* 11 U.S.C. § 523(a)(1).

The cross reference in § 523(a)(1) leads to § 507(a)(8), which describes, in relevant part:

> (A) a tax on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition –
>
>> (i) for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition. 11 U.S.C. § 523(a)(8)(A)(i).

Thus to establish nondischargeability under § 523(a)(14), Chase must prove that: "(1) the debt was incurred to pay a tax owed to the United States; and (2) the tax owed to the United States would have otherwise been nondischargeable under § 523(a)(1)." *Ramey v. Barton*, 321 B.R. 877, 879 (Bankr. N.D. Ohio 2005); *see Chase Bank USA, N.A. v. Peters*, 2011 WL 1522324 (Bankr. N.D. Ga. 2011). In a nondischargeability proceeding, the burden is on the plaintiff to prove its case by a preponderance of the evidence. *See In re Martin*, 698 F.2d 883, 887 (7th Cir. 1983); *see also Grogan v. Garner*, 498 U.S. 279, 287 (1991).

2

I find that Chase has failed to establish by the preponderance of the evidence that the $2,000 charge was incurred to pay a "tax owed" by the defendant. To establish a claim under § 523(a)(14), the plaintiff must establish, at minimum, that there was a "tax owed" by the defendant that the plaintiff paid. *See Ramey,* 321 B.R. at 879. Based on the stipulated facts however, it is impossible to tell whether the defendant ever had a tax liability for his 2009 income that was paid by Chase. The stipulated facts do not demonstrate that the defendant paid *any* tax to the government on his 2009 income. Because there is no proof that the defendant had tax actually due, there is no proof that the charge was incurred to pay a tax owed to the United States. On the facts before me, I find that Chase does not hold a claim that is nondischargeable under § 523(a)(14).

For the foregoing reasons, the debt owed to Chase is dischargeable under § 727(a). Chase's complaint is DISMISSED. It may be so ordered.

Dated: July 6, 2011

*[signature]*

ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

James Jay Mueller,

          Debtor.

(Chapter 7)

Case No. 10-18728

Chase Bank USA, N.A.

          Plaintiff,

v.

James Jay Mueller,

          Defendant.

Adv. No. 11-00089

ORDER

    The court having reached the conclusions of law contained in this memorandum decision filed on this date, it is hereby ORDERED, that the debt owed by the debtor to Chase Bank USA, N.A. be discharged. The complaint filed by Chase Bank USA, N.A. is DISMISSED.

Dated: July 6, 2011

_____
ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE